FILED

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEMAD CORPORATION, | No. 10-17451 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00923-ECV |
| v. | |
| NEIL CALFEE; JANE DOE CALFEE; CITY OF TEMPE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Edward C. Voss, Magistrate Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.


Lemad Corporation appeals the district court's grant of summary judgment

to the Defendants, City of Tempe and the City's Community Development

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Manager Neil Calfee, in its 42 U.S.C. § 1983 claim. Lemad asserts the district court erred when it held that Lemad did not have a constitutionally protected property interest in its due process claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Lemad argues that the Defendants deprived "it of the fair market value of its property. Although Lemad does not assert a Takings Clause claim, it contends that the City's Redevelopment Plan created a process whereby Lemad was unable to sell its property at fair market value due to Calfee's interference with potential contracts with third party purchasers.

Defendants' process did not deprive Lemad of a constitutionally protected right. The purported injuries caused by Calfee's alleged disparaging remarks about the Lemad property and its owner are not constitutionally protected interests guaranteed against state deprivation without due process of law. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding that an individual's reputation, by itself, is not a liberty or property interest for the purposes of due process); *WMX Techs, Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir. 1999) (en banc) ("[D]amage to the reputation of a business, without more, does not rise to the level of a constitutionally protected property interest."). While the remarks "[a]rguably . . . damaged its reputation and . . . affect[ed] its business relations with others and thus the

2

goodwill of the business," this presents a "classic case for a state court [tort] action, but not an action under § 1983." *WMX Techs., Inc. v. Miller*, 197 F.3d at 375. Defendants' actions in the redevelopment process did not change a "right or status previously recognized by state law . . . ." *See id.* at 374. As the district court noted, the City "imposed no legal restriction whatsoever on the property. They didn't restrict [Lemad's] use of the property, nor did they prevent [Lemad] from selling the property." We therefore affirm the district court's conclusion that Calfee's and the City of Tempe's actions were insufficient state action on which to base a due process claim under § 1983.

Because we hold that Lemad did not have a constitutionally protected property interest, we need not address the remaining issues raised on appeal.

**AFFIRMED.**